IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM
BANKRUPTCY DIVISION

| | |
|---|---|
| In re:<br><br>ARCHBISHOP OF AGANA,<br><br>a Corporation Sole,<br><br>Debtor. | Chapter 11 Bankruptcy<br><br>Case No. 19-00010<br><br>**AFFIDAVIT OF ROBERT T. KUGLER IN SUPPORT OF APPLICATION TO EMPLOY STINSON LEONARD STREET, LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Robert T. Kugler, Esq., makes the following declaration ("Declaration") in support of the Application ("Application") of the Official Committee of Unsecured Creditors ("Committee") to employ Stinson Leonard Street LLP as its legal counsel effective as of December 26, 2018.

1. I am a partner in the law firm of Stinson Leonard Street LLP ("SLS"), which maintains offices for the practice of law at, among other locations, 50 South Sixth Street, Suite 2600, Minneapolis, Minnesota, 55402. I am duly admitted to practice law in the State of Minnesota n, including the United States Court of Appeals for the Eighth Circuit, United States District Court for the District of Minnesota and the United States District Court for the Northern District of California. I have submitted my application for admission pro hac vice to practice in this Court.

2. I submit this Declaration in support of the Application of the Committee pursuant to sections 328 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Procedure ("Local Rules"), for entry of an order authorizing the employment and retention of SLS as counsel to the Committee, effective as of March 7, 2019.

3. Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

4. To the extent that any information disclosed herein requires supplementation, amendment or modification upon SLS's completion of further analysis or as additional information becomes available to it, a supplement to this Declaration will be filed with the Court.

5. No member of SLS has ever been an officer or director of the Archbishop of Agaña (the "Debtor"), and no member of SLS is an insider of the Debtor.

6. SLS has completed a conflict check with the list of the Debtor its officers and directors and all of its creditors as previously furnished by counsel for the Debtor. SLS will promptly supplement this Declaration in the future when, and if, other creditors become known.

7. Based on the results of the above-referenced conflict check, and to the best of my knowledge, neither I nor SLS have represented or had any connection with the Debtor, its creditors, or any other person employed in the Office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as stated below:

    a. SLS currently represents the entities identified on **Exhibit 1** attached hereto who may be creditors or otherwise hold interests relevant to this case, all in matters wholly-unrelated to the Debtor and this Chapter 11 case. In instances in which there is any uncertainty as to whether SLS currently represents a party, SLS has listed such party on Exhibit 1 out of an abundance of caution to ensure thorough disclosure.

    b. SLS further discloses that it – or one of its legacy firms – formerly represented the parties-in-interest identified on **Exhibit 2** attached hereto (or an affiliate, subsidiary or related entity thereof), in matters wholly-unrelated to the Debtor and this Chapter 11 case. Where there is any uncertainty as to whether SLS previously represented any party-in-interest, SLS has listed such party-in-interest on Exhibit 2 out of an abundance of caution to ensure thorough disclosure.

    c. SLS is frequently involved in Chapter 11 cases. As such, SLS is often adverse to the Office of the United States Trustee and is often adverse to, or allied with,

10
APPLICATION TO EMPLOY SLS
Case 19-00010    Document 94-1    Filed 03/07/19    Page 2 of 7

other law firms and the interests of their clients and other accountants and the interests of their clients.

8. None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Bankruptcy Rule 2014 or are potential conflicts and are therefore disclosed. The Committee has been advised of the potential conflicts noted above and has waived any such conflicts.

9. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, SLS has represented in particular matters in the past. SLS agrees not to represent such persons or other parties in interest in this case while representing the Committee, without further disclosure, and we agree to disclose any connections within the meaning of Bankruptcy Rule 2014 that we may discover subsequent to the execution of this Declaration.

10. Insofar as I have been able to ascertain, the partners, counsel, associates, and paraprofessionals of SLS are "disinterested" parties within the meaning of Section 101(14) of the Bankruptcy Code, and do not represent any other entity having an interest adverse to the Committee in connection with this Chapter 11 case.

11. SLS intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court, on an hourly basis, plus reimbursement for all actual, necessary out-of-pocket expenses and other charges incurred by SLS.

12. The legal services to be rendered by SLS as counsel to the Committee include but are not limited to:

    (a)    consulting with the Debtor and the Office of the United States Trustee regarding administration of the case;

    (b)    advising the Committee with respect to its rights, powers, and duties as they relate to the case;

(c) investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor;

(d) assisting the Committee in analyzing the Debtor's pre-petition and post-petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

(e) assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtor's other creditors;

(f) assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

(g) researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

(h) representing the Committee at hearings and other proceedings;

(i) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

(j) aiding and enhancing the Committee's participation in formulating a plan;

(k) assisting the Committee in advising unsecured creditors of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan;

(l) negotiating and mediating issues relating to the value and payment of claims held by the Committee's constituency; and

(m) performing such other legal services as may be required and are deemed to be in the interests of the Committee.

13. No promises have been received by SLS or any partner, counsel or associate thereof as to compensation in connection with this Chapter 11 case other than in accordance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

14. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any partner or employee thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me, or any partner or employee of my firm.

15. SLS is experienced in representing committees in chapter 11 cases and has the financial wherewithal to, and will, disgorge fees if the Court so orders at any point in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 7, 2019

Robert T. Kugler

13
APPLICATION TO EMPLOY SLS
Case 19-00010    Document 94-1    Filed 03/07/19    Page 5 of 7

EXHIBIT 1

| Client Name | |
|---|---|
| Securitech Group, Inc. | |
| Heart Of America Council, Boy Scouts of America, a Missouri non-profit corporation | |

EXHIBIT 2

| Former Client Name |
|---|
| US Small Business Administration |
| First Hawaiian Bank |