IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

BANKRUPTCY DIVISION

In re:

ARCHBISHOP OF AGANA,

a Corporation Sole,

Debtor.

Chapter 11 Bankruptcy

Case No. 19-00010

**AFFIDAVIT PAUL A. RICHLER IN SUPPORT OF APPLICATION TO EMPLOY LAW OFFICE OF PAUL A. RICHLER AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Paul A. Richler, declare under penalty of perjury as follows, pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure:

1. I am a principal in the Law Offices of Paul A. Richler ("Richler"), which I opened on October 1, 2011. Previously, and since 1987, I was a partner in the Litigation Practice of Morgan Lewis & Bockius LLP ("MLB").[1] My business address is 15332 Antioch-Street, Suite 305; Pacific Palisades, CA 90272.

2. I am authorized by Richler to make this affidavit in support of Richler's employment as special insurance counsel for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case (the "Bankruptcy Case").

---

[1] All terms not otherwise defined in this Affidavit shall have the meanings ascribed to them in the Application, defined below.

7
APPLICATION TO EMPLOY RICHLER

3. I have personal knowledge of the facts stated in this affidavit. If called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief. As to those facts, I am informed and believe that they are true.

4. I submit this affidavit in support of the *Application of the Official Committee of Unsecured Creditors Pursuant to Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing and Approving the Employment of the Law Offices of Paul A. Richler as Special Insurance Counsel to the Official Committee of Unsecured Creditors* (the "Application").

5. In the Bankruptcy Case, Richler can provide the Committee with particular expertise in insurance issues.

6. The Committee has expressed interest in Richler rendering to the Committee in this case, among other things, the following insurance-related services:

- Insurance issues relating to any proposed plan(s) of reorganization(s), mediation(s), and/or settlement discussion(s);
- Negotiations with insurance companies having potential liability for the Debtor's tortuous acts;
- A broad range of insurance issues, including, but not limited to, triggers for insurance coverage for sex abuse, limits of coverage, calculation of the number of occurrences of sex abuse, expected or intended defenses (i.e., coverage may not be available if the Debtor expected or intended the injuries to occur), and other insurance defenses;
- Proposed insurance policy buybacks from the Debtor's insurance carriers;
- Litigation of insurance coverage issues; and
- Other issues as necessary to assist the Committee with respect to issues relating to the Debtor's insurance.

7. Richler has agreed with the Committee as follows with regard to its retention, subject to this Court's approval: (i) no retainer has been or will be paid to Richler; (ii) neither the Committee nor any of its members (or their representatives) shall be liable for any fees or costs

8
APPLICATION TO EMPLOY RICHLER

that Richler incurs in this Bankruptcy Case; (iii) the Richler attorneys working on this Bankruptcy Case will be billed at a maximum hourly rate of $575.00; and (iv) Richler will seek reimbursement of expenses at its cost or as otherwise allowed by the Court.

8. Richler understands that all of its fees and expenses are subject to Court approval.

9. Richler believes that it is qualified to represent the Committee in light of its extensive, prior experience in other diocesan bankruptcy cases, including retention and legal work as special counsel to the official committees of unsecured creditors in (i) *In re Society of Jesus, Oregon Province* (Bankr. D. Or., Case No. 09-30938-elp11); and (ii) *In re Catholic Diocese of Wilmington, Inc.* (Bankr. D. Del., Case No. 09-13560 (CSS)).

10. I have been personally involved as special insurance counsel in the *In re Society of Jesus, Oregon Province* and the *In re Catholic Diocese of Wilmington, Inc.* cases, and was involved in the Archdiocese of Los Angeles matter.

11. Richler has not received any retainer from any person, or any payment, or any promise of payment in relation to this case, during the one-year period prior to the filing of the Debtor's petition. No post-petition compensation has been paid or promised to be paid from a source other than the estate in this Bankruptcy Case.

12. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs that Richler incurs in its representation of the Committee.

13. Richler has received a list of the Debtor's creditors and other persons identified as parties in interest in the Debtor's bankruptcy case. At my direction, employees of Richler processed through Richler's computerized conflict check system the Debtor's name as well as the names of the members of the Committee and each of the Debtor's property and casualty insurers that have been identified.

14. I have reviewed the list of entities and compared it to the clients of Richler. Based on that review, I have concluded that Richler does not have any conflicts with any of the entities listed on the Conflicts Search List.

9
APPLICATION TO EMPLOY RICHLER
Case 19-00010    Document 119-1    Filed 03/26/19    Page 3 of 6

15. Based on the process referred to above, to the best of my knowledge, information, and belief, I am informed and believe as follows:

- Richler has not had previous contact or ties with the Debtor;
- Except as disclosed on the attached **Exhibit A**, Richler has not had provided services to any creditor of the Debtor;
- Richler is not a creditor, an equity security holder, or an insider of the Debtor;
- Richler is not nor ever was an investment banker for any outstanding security of the Debtor;
- Richler has not, within three years before the Petition Date, been an investment banker for a security of the Debtor, or an accountant or consultant to such investment banker in connection with the offer, sale, or issuance of any security of the Debtor;
- Richler has not, within two years before the Petition Date, been a director, officer, or employee of the Debtor or of an investment banker of the Debtor;
- Richler does not have an interest materially adverse to the interest of the Debtor or of any class of creditors or equity security holders by reason of any direct or indirect relationship with, connection with, or interest in, the Debtor or any investment banker, or for any other reason;
- Except with respect to certain other bankruptcy engagements where Richler acted as a trustee for a debtor or as counsel to a debtor, Richler does not have any connection with the United States Trustee or persons employed by the Office of the United States Trustee; and
- Richler was not owed any sums by the Debtor for services rendered or costs advanced on behalf of the Debtor prior to the Petition Date.

16. Because of the nature of Richler's business, it is possible that I have personally provided and may in the future provide consulting services to other creditors or parties in interest

in the Debtor's bankruptcy case, which services are wholly unrelated to any matter involving this Bankruptcy Case. However, to the best of my knowledge, none of those prior and current engagements, including the parties listed on Exhibit A, or other dealings makes Richler an interested person under the bankruptcy laws. If Richler identifies a creditor or other party in interest of the Debtor's bankruptcy estate that I have previously, or will in the future be, providing services to in connection with this Bankruptcy Case, Richler will promptly disclose such information in writing to the Court and to the Office of the United States Trustee.

17. Richler is currently employed in unrelated cases, including bankruptcy cases, as special counsel, for which other counsel associated with this Bankruptcy Case may be involved. I believe that such connections do not give Richler an adverse interest to the Debtor and do not affect Richler's "disinterestedness" under 11 U.S.C. §327.

Dated this 7th day of March, 2019.

_____
Paul A. Richler

11
APPLICATION TO EMPLOY RICHLER

EXHIBIT A

| Client Name |
|---|
| None |