# THE DISTRICT COURT OF GUAM

In re:

ARCHBISHOP OF AGAÑA,
a Corporation Sole,

           Debtor.

Bankruptcy Case No. 19-00010
Chapter 11

## ORDER FIXING TIME FOR FILING PROOFS OF CLAIMS; APPROVING PROOF OF CLAIM FORMS; PROVIDING FOR CONFIDENTIALITY PROTOCOLS; AND APPROVING FORM AND MANNER OF NOTICE

Before the Court is the motion of the Archbishop of Agaña, Debtor-In-Possession ("Debtor"), entitled "Motion for an Order Establishing Deadlines for Filing Proofs of Claims; Approving Proof of Claim Form; and Approving Form and Manner of Notice Thereof" (the "Motion"). *See* ECF No. 122. It appears that the Motion was brought in compliance with the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Guam Local Bankruptcy Rules ("BKLR"); that no objections have been filed; that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that notice of the Motion is appropriate and no other or further notice is required; that the relief requested in the Motion and granted herein is in the best interest of the Debtor's estate, its creditors and other parties-in-interest, and necessary and appropriate for establishing procedures; and that sufficient cause exists.

Page **1** of **14**

Therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in the Order.

**FORMS**

2. The Sexual Abuse Proof of Claim Form, the General Claims Bar Date Notice, the Permitted Party Confidentiality Agreement, the Sexual Abuse Claims Bar Date Notice, and the Publication Notice, in the forms annexed hereto as Exhibits "A," "B," "C," "D," and "E,"[1] respectively, are **APPROVED**.

**NOTICE**

3. The form and manner of notice as approved herein fulfill the notice requirements of the Bankruptcy Rules and the Guam BKLRs, and notice of the bar dates in the form and manner as approved herein is fair and reasonable and will provide sufficient and due notice to all creditors of their rights and obligations in connection with claims they may assert against the Debtor's estate in this Chapter 11 case. Accordingly, the Debtor is authorized and directed to serve and/or publish the notices in the manner described herein.

**BAR DATES**

4. Except as provided in paragraph 6 of this Order, any entity holding a pre-petition claim against the Debtor must file a proof of claim in accordance with the procedures described herein **on or before August 15, 2019, 5:00p.m. (ChST-Chamorro Standard Time)** (the "General Claims Bar Date"). The General Claims Bar Date applies to all persons

---

[1] Debtor shall properly fill out the forms with missing information, *e.g.*, the toll free number for the Official Committee of Unsecured Creditors.

and entities (including governmental units), other than Sexual Abuse Claimants addressed in paragraph 5, that assert claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (whether secured, unsecured priority or unsecured non-priority) that arose prior to or on the petition date. The General Claims Bar Date shall be identified in the General Claims Bar Date Notice and the Publication Notice.

5. Except as provided in paragraph 6 of this Order, any entity holding a prepetition claim arising from sexual abuse for which the individual believes the Debtor may be liable, must file a proof of claim in accordance with the procedures described herein **on or before August 15, 2019, 5:00 p.m. (ChST-Chamorro Standard Time)** (the "Sexual Abuse Claims Bar Date"). The Sexual Abuse Claims Bar Date shall be identified in the Sexual Abuse Claims Bar Date Notice and the Publication Notice. A Sexual Abuse Claim is:

> Any Claim (as defined in section 101(5) of the Bankruptcy Code) against the Archbishop resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, psychological, or emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other sexual misconduct, and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Archbishop or any other person or entity for whose acts or failures to act the Archbishop is or was allegedly responsible.

## **WHO MUST FILE PROOFS OF CLAIM**

6. The following entities, whose claims otherwise would be subject to the General Claims Bar Date or the Sex Abuse Claims Bar Date, shall **not** be required to file proofs of claim in this Chapter 11 case:

a. Any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the District Court of Guam (the "**Court**");

   b. A person or entity: (a) whose claim is listed in the Schedules or any amendments thereto; <u>and</u> (b) whose claim is not described therein as "disputed," "contingent," or "unliquidated;" <u>and</u> (c) who does not dispute the amount or classification of its claim as set forth in the Schedules;

   c. Any person or entity that asserts an administrative expense claim against the Debtor pursuant to § 503(b) and § 507(a)(2) of the Bankruptcy Code;

   d. Any person or entity whose claim against the Debtor has been allowed by an order of the Court entered on or before the applicable Bar Date; and

   e. Any person or entity whose claim has been paid in full.

7. By virtue of the foregoing, the following entities must file a proof of claim on or before the applicable bar date:

   a. Any person or entity whose pre-petition claim against the Debtor that is not listed in the Debtor's Schedules or whose pre-petition claim is listed in the Schedules but is listed as disputed, contingent or unliquidated, and that desires to participate in this case or share in a distribution in this case;

   b. Any person or entity that believes that its pre-petition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

   c. Any Sexual Abuse Claimant who believes that he or she has a claim against the Debtor, including but not limited to, Sexual Abuse Claimants who have previously filed lawsuits against the Debtor, Sexual Abuse Claimants who previously gave notice to the Debtor and/or the Archbishop (including any Parishes or Schools of the Archbishop) of their abuse (including informal notice thereof), and Sexual Abuse Claimants who have never filed a lawsuit, entered into a settlement or reported their abuse to the Debtor and/or the Archbishop (including any Parishes or School of the Archbishop).

8. **Any entity that is required to file a proof of claim in this Chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the Debtor, but that fails to do so by the applicable bar date, may not be treated as a creditor with respect to such claim for the purposes of voting on and distribution under any Chapter 11 plan proposed and/or confirmed in this case.**

9. The Debtor shall retain the right to: (i) dispute, or assert offsets or defenses, including statute of limitations, against any filed claim or any claim listed or reflected in the schedules as to nature, amount, liability, classification or otherwise; and (ii) subsequently designate any claim as disputed, contingent or unliquidated.

**REQUIREMENTS FOR PROOF OF CLAIM FORMS**

10. Each general creditor proof of claim form must: (a) be written in English; (b) be denominated in lawful currency of the United States as of the petition date; (c) have attached copies of any writings upon which the claim is based, including evidence that a security interest has been perfected for any secured claims; and (d) be originally executed and delivered to District Court of Guam, at the following address: Office of the Clerk of Court, District Court of Guam, U.S. Courthouse, 520 W Soledad Avenue, 4th Floor, Hagåtña, 96910, Guam. All general creditor proof of claim forms must be received by the District Court Clerk by the General Claims Bar Date (proofs of claim sent by facsimile or e-mail will not be accepted).

11. Each Sexual Abuse Proof of Claim Form filed must: (a) be written in English; and (b) be originally executed and delivered, along with two (2) copies, to: Office of the

Clerk of Court-ATTN SEALED DOCUMENTS, District Court of Guam, U.S. Courthouse, 520 W Soledad Avenue, 4th Floor, Hagåtña, 96910, Guam, on or before the Sexual Abuse Claims Bar Date. All Sexual Abuse Proof of Claim Forms must be received by the Sexual Abuse Claims Bar Date (proofs of claim sent by facsimile or e-mail will not be accepted). The Clerk of Court will provide a copy of the Sexual Abuse Proof of Claims to the Debtor on a weekly basis. However, if a Sexual Abuse Claimant files a claim using the Official Bankruptcy Form 410 on or before the Sexual Abuse Bar Date, it will be considered a timely filed claim.

**CONFIDENTIALITY PROTOCOLS**

12. Sexual Abuse Proof of Claim Forms shall be submitted pursuant to the following Confidentiality Protocol:

   a. Sexual Abuse Claimants are directed to mail or deliver the original and two (2) copies of each Sexual Abuse Proof of Claim Form to Clerk at the following address: Office of the Clerk of Court-SEALED DOCUMENTS, District Court of Guam, U.S. Courthouse, 520 W Soledad Avenue, 4th Floor, Hagåtña, 96910, Guam.

   b. Sexual Abuse Proof of Claim Forms submitted by Sexual Abuse Claimants will not be available to the general public unless a Sexual Abuse Claimant affirmatively indicates his or her desire that the proof of claim be made public in Part 1 of the Sexual Abuse Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Sexual Abuse Claimants. Accordingly, Sexual Abuse Claimants may elect to make any of the information contained in their own Sexual Abuse Proof of Claim Form public, even if they elected to file the Proof of Claim confidentially; provided, however, that notwithstanding that a Sexual Abuse Claimant may disclose information on such claimant's Sexual Abuse Proof of Claim, such disclosure shall not constitute a waiver of confidentiality and no other party may disclose any information from such Sexual Abuse Proof of Claim, except as allowed by Permitted Parties, as defined below.

   c. Sexual Abuse Proof of Claim Forms submitted by a Sexual Abuse Claimant shall be held and treated as confidential by the Debtor and Debtor's counsel and copies

thereof may be provided to the parties listed below (the "**Permitted Parties**") and to such other persons that may be granted access to the Sexual Abuse Proofs of Claim by order of the Court. No party (included a Permitted Party) may obtain copies of Sexual Abuse Proofs of Claim unless such party executes a confidentiality agreement substantially in the form attached hereto as **Exhibit C** (the "**Confidentiality Agreement**"). All parties with access to the Sexual Abuse Proof of Claim Forms shall keep the information provided in a Sexual Abuse Proof of Claim Form confidential (unless the Sexual Abuse Claimant elects otherwise in Part 1 of the Sexual Abuse Proof of Claim Form).[2] Executed Confidentiality Agreements shall be provided to counsel to the Debtor and counsel to the Committee. Permitted Parties shall not disclose the contents of any Sexual Abuse Claim Form unless expressly authorized pursuant to Part 1 of the Sexual Abuse Claim Form, even if the Sexual Abuse disclosed some or all of the information contained in the form. Counsel to the Debtor and counsel to the Committee shall only be required to execute a single Confidentiality Agreement per law firm.

d. The Permitted Parties (the "**Permitted Party List**") include:

(i) Counsel to the Debtor retained pursuant to an order of the Bankruptcy Court, including partners, counsel, associates, and employees of such counsel;

(ii) The Archbishop of Agaña (the "**Archbishop**") and employees of the Debtor who are necessary to assist the Archbishop in reviewing and analyzing the Sexual Abuse Claims;

(iii) Counsel for the Committee, including partners, counsel, associates, and employees of such counsel;

(iv) Any insurance company that provided insurance that may cover the claims described in the Sexual Abuse Proof of Claim Forms upon consent of the Debtor and the Committee;

(v) Any unknown claims representative appointed pursuant to an order of the Court in this case;

(vi) Any mediator appointed pursuant to an order of this Court to mediate the terms of a settlement or Plan of reorganization in this case;

---

[2] Unless otherwise specified herein, access to the Sexual Abuse Proof of Claim Forms extends only to the natural person who executes the Confidentiality Agreement. A separate Confidentiality Agreement must be signed by each natural person who seeks access to the records on behalf of a Permitted Party.

(vii) Any special arbitrator/claims reviewer appointed to review and resolve the claims of Sexual Abuse Claimants;

(viii) Any trustee, or functional equivalent thereof, appointed to administer payments to Sexual Abuse Claimants including pursuant to a plan of reorganization or a proposed plan of reorganization;

(ix) Authorized representatives of a department of corrections if the Sexual Abuse Claimant is incarcerated but only to the extent disclosure is authorized or required under applicable non-bankruptcy law;

(x) Members of the Committee and their personal counsel (after the Sexual Abuse Proof of Claim Form has been redacted to remove the Sexual Abuse Claimant's name, address, and any other information identified in Part 2(A) of the Sexual Abuse Proof of Claim Form and the signature block);

(xi) Any Person with the express written consent of the Debtor and the Committee upon 10 business days' notice to Sexual Abuse Claimants;

(xii) Insurance companies or their successors, including any authorized claim administrators of such insurance companies, that issued or allegedly issued policies to the Debtor and their reinsurers and attorneys;

(xiii) Such other persons as the Court determines should have the information in order to evaluate Sexual Abuse Claims; provided, however, that any such determination shall be made on no less than 7 days' notice to Sexual Abuse Claimants.

**TIMING AND FORM OF NOTICE**

13. Within five (5) days of the entry of this Order, the Debtor shall serve by United States mail, first-class postage prepaid, the General Claims Bar Date Notice on (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) all entities who have filed a notice of appearance in the Debtor's case; (d) all entities listed in

Debtor's schedules; (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all entities that have previously filed proofs of claim in this case; (g) any other entities or their counsel, including governmental units, known to the Debtor as entities who may have claims against the estate; and (h) such additional persons and entities as deemed appropriate by the Debtor.

14. Within five (5) days of entry of this Order, the Debtor shall also serve by United States mail, first-class postage prepaid, the Sexual Abuse Claims Bar Date Notice on the parties identified in paragraph 13(a), (b), (c), (d) and (h), and on known Sexual Abuse Claimants who:

    a. filed, or threatened to file, lawsuits against the Debtor that allege they were abused; and

    b. contacted the Debtor to report that they were Claimants of abuse, whether or not that individual's claim was considered to be substantiated and whether or not the report was written or verbal.

15. The Debtor shall also provide notice of the Sexual Abuse Claims Bar Date and the General Claims Bar Date by causing a copy of the Publication Notice to be published as follows:

    (i) Publication twice (in English) in each of the following publications; the first publication to occur within two weeks of the service of the Bar Date Notice Package and the second publication to occur thirty (30) days prior to the expiration of the General and Sexual Abuse Bar Date:[3]

---

[3] The debtor reserves the right to modify the publication list.

U.S. Publications and Entities

**GUAM**
Pacific Daily News (Gannett.com)
Guam Daily Post

**SAIPAN**
Marianas Variety
Saipan Tribune

**HAWAII**
Honolulu Star Advertiser
Midweek Oahu

**CALIFORNIA**
San Jose Mercury-News
Los Angeles Times
San Francisco Examiner
The San Diego Union-Tribune

**NEVADA**
Las Vegas Sun
Las Vegas Review-Journal

Reno Gazette-Journal
Reno News & Review

**ARIZONA**
The Arizona Republic, Phoenix (Gannett.com)
Arizona Daily Star, Tucson

**OREGON**
The Oregonian, Portland
The Register-Guard, Eugene
Statesman Journal, Salem (Gannett.com)

**COLORADO**
The Denver Post
The Colorado Springs Gazette
Pueblo Chieftain

**WASHINGTON STATE**
Seattle Times
Spokane Spokesman-Review
The Herald

**CATHOLIC PUBLICATIONS OR SITES**

National Catholic Reporter (National)
The National Catholic Register (National)

**GUAM**
Umatuna Si Yu'os Catholic newspaper
Umatuna Si Yu'os website
Archbishop of Agaña website

**SAIPAN**
The North Star, newspaper of Chalan Kanoa Diocese

**HAWAII**
Hawaii Catholic Herald
(Every two weeks)

USA Today (shall be published one time only at least thirty (30) days prior to the expiration of the Bar Dates)

16. Within five (5) days of entry of this Order, the Debtor shall also provide the Sexual Abuse Claims Bar Date Notice and the General Claims Bar Date Notice to the District Court of Guam for posting on the court's website at http://www.gud.uscourts.gov.

17. In addition, the Debtor intends to provide further notice of the Sexual Abuse Bar Date by taking the following measures:

(i) Upon entry of the Order, the Debtor will post the Sexual Abuse Bar Date Notice Package on the following website: *https://aganaarch.org/* and will request the Parishes post on the website of each Parish that maintains a website.

(ii) The Debtor will maintain a telephone number which may be used by Sexual Abuse Claimants to ask questions or obtain copies of the Sexual Abuse Bar Date Notice Package or parts thereof;

(iii) Within one (1) week of the service of the Sexual Abuse Bar Date Notice Package, the Debtor will mail a copy of the Sexual Abuse Bar Date Notice to the following:

   a. the attorney general for Guam;
   b. each Parish and mission that is a part of the Archbishop;
   c. the public health agency, if any, for each county where the Archbishop has a parish or mission;
   d. a substance abuse agency, if any, in each county where the Archbishop has a parish or mission;
   e. the police department for each locality where the Archbishop has a parish or mission;
   f. the hospital(s) for each county where the Archbishop has a parish or mission;
   g. the following entities:

   **GUAM GROUPS OFF-ISLAND**

   1. The Sons and Daughters of Guam (San Diego)
   2. Chamorro Optimist Club (San Diego)
   3. CNMI Club San Diego
   4. Guam Society of America (Washington D.C.)
   5. National Organization of Chamorro Veterans
   6. Cal Islanders Humanitarian Assn. (CIHA)
   7. Guam Catholics in Washington (Lacey, Olympia, Port Orchard)

   **NEWS GROUPS TO RECEIVE THE NOTICE**

   8. KUAM Radio and TV
   9. K57 & Sorenson radio stations
   10. KSTO
   11. The Points, KUSG
   12. Hit Radio 100
   13. KPRG
   14. Pacific News Center
   15. Guam Daily Post
   16. Pacific Island Times
   17. KOLG (Archdiocesan radio station of Guam)

(iv) Each request to each recipient listed above shall request that the party post or publish such Notice in a prominent place until the expiration of the Sexual Abuse Bar Date.

(v) Each request described above shall be on the Debtor's stationery, personally signed by the Archbishop. The request shall include a statement at the bottom for the recipient to indicate whether it will comply with the

request and the request shall include a stamped self-addressed return envelope.

18. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

The court vacates the hearing date of May 3, 2019, on this matter.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
     **Chief Judge**
**Dated: May 01, 2019**

SUBMITTED AND APPROVED BY:

*/s/ Bruce A. Anderson*
Ford Elsaesser
Bruce A. Anderson
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com

*/s/ John C. Terlaje*
John C. Terlaje
LAW OFFICE OF JOHN C. TERLAJE
Terlaje Professional Bldg., Suite 216
194 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 477-8894/5
john@terlaje.net

*Counsel for Debtor*