| | ACCOUNT NUMBER | ORIGINAL AMOUNT | PRESENT BALANCE | INTEREST RATE | TERMS | COLLATERAL |
|---|---|---|---|---|---|---|
| SANTA BARBARA SCHOOL | 1506-010939 | $2,640,040.34 | $1,227,816.52 | BOG REF. RATE, NO MINIMUM ADJUSTED ANNUALLY | $14,309.57/5YRS MAT. DATE 12/31/18 | NONE |
| SAN JUAN BAUTISTA (ORDOT CHURCH) | 1501-135344 | $519,092.59 | $27,736.33 | BOG REF. RATE, NO MINIMUM ADJUSTED ANNUALLY | $3,517.41/5 YRS. MAT. 12/31/18 | NONE |
| ST FRANCIS SCHOOL | 1501-129891 | $600,000.00 | $201,414.82 | BOG REF. RATE, 5.50% MINIMUM ADJUSTED ANNUALLY | $4,000/5 YRS. MAT. 4/25/19 | NONE |
| SAN DIMAS CHURCH (MERIZO) | 1522-000097 | $830,000.00 | $418,139.13 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $3,195.24/5YRS MAT.12/31/18 | NONE |
| FATHER DUENAS | 1516-003335 | $2,150,356.85 | $1,437,601.60 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $13,105.97/5YRS MAT. 8/25/19 | NONE |
| SANTA BARBARA CHURCH (DEDEDO CHURCH) | 1506-011255 | $714,000.00 | $363,094.69 | BOG REF. RATE, NO MINIMUM, ADJUSTED MONTHLY | $5,815.84/5 YRS 11/5/2020 | NONE |
| BISHOP BAUMGARTNER MEMORIAL SCHOOL | 1501-180339 | $4,600,000.00 | $2,693,719.57 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | INT. ONLY FOR 12 MO. then P & I $26,596.58 MAT. 02/05/20 | NONE |
| CATHEDRAL BASILICA | 1501-213095 | $2,462,325.14 | $2,268,187.14 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $13,084.45/5 YRS MAT. 8/05/20 | NONE |
| BASILICA MUSEUM | 1501-213108 | $747,554.30 | $690,308.05 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $3,972.39/5 YRS MAT. 8/05/20 | NONE |
| ST. THERESE CHAPEL | 1501-213112 | $866,581.56 | $800,233.27 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $4,604.89/5 YRS MAT. 8/05/20 | NONE |
| CHANCERY OFFICE | 1501-215264 | $12,595.00 | $5,044.97 | BOG REF. RATE, NO MINIMUM, ADJUSTED ANNUALLY | $232.44/5 YRS MAT. 12/20/20 | 2016 HYUNDAI TUCSON |
| A) TOTAL (DIRECT) | | $16,192,545.78 | $10,133,785.88 (A) | | | |

| | ACCOUNT NUMBER | ORIGINAL AMOUNT | PRESENT BALANCE | INTEREST RATE | TERMS | COLLATERAL |
|---|---|---|---|---|---|---|
| **UNDISBURSED COMMITMENT:** | | | | | | |
| | | $0.00 | | | | |
| B) TOTAL UNDISBURSED AMOUNT | | $0.00 (B) | | | | |
| **CONTINGENCY:** | | | | | | |
| CATHOLIC SOCIAL SERVICES | 1501-188665 | $2,023,847.37 | $1,755,158.05 | BOG REF. RATE + 1.00%, 5.00% MINIMUM | $11,913.24 MAT. 4/25/23 | 1ST LH MTG ON BARR PROP VAL $3MM UCC1 & GSA ON ASSETS |
| CATHOLIC SOCIAL SERVICES | 1501-220034 | $474,000.00 | $441,723.98 | BOG REF. RATE + 1.00%, 5.00% MINIMUM | $2,794.45 MAT. 10/05/26 | 1ST LH MTG ON BARR PROP VAL $3MM UCC1 & GSA ON ASSETS |
| C)TOTAL CONTINGENCY AMOUNT | | $2,497,847.37 | $2,196,882.03 (C) | | | |
| TOTAL CREDIT EXPOSURE OUTSTANDING AND COMMITMENTS & CONTINGENCIES (A+B+C) | | | $12,330,667.91 | | | |
| TOTAL CREDIT EXPOSURE OUTSTANDING AND COMMITMENTS & CONTINGENCIES *- less loans secured by real esate & cash* | | | $10,128,740.91 | | | |

Case 1:19-00010 Document 1252-1 Filed 05/06/19 Page 2 of 55

# PROMISSORY NOTE

**Loan No.: 1506-010939**
**Date: August 15, 2007**
**Hagatna, Guam**

$2,640,040.34

FOR VALUE RECEIVED, **ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP D.D., INCUMBENT,** whose address is 274-A West Santa Barbara Avenue, Dededo, Guam 96929 (hereinafter "Borrower"), promises to pay to the order of **BANK OF GUAM**, a Guam banking corporation, whose address is P.O. Box BW, Hagatna, Guam 96932 (hereinafter "Holder" or "Bank"), the sum of **TWO MILLION SIX HUNDRED FORTY THOUSAND AND FORTY DOLLARS AND 34/100 ($2,640,040.34),** or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

The interest rate for this note shall be the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto (hereinafter "Reference Rate"), with no minimum rate of interest, and shall be adjusted annually on the anniversary date of this Note. The initial rate on this loan will be eight and one quarter percent (8.25%). Whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment. Interest on this Note shall be computed on the basis of a 360-day year and actual days elapsed.

1.    Payments.    The Borrower shall pay on September 15, 2007, the sum of **TWENTY TWO THOUSAND SIX HUNDRED NINETY DOLLARS AND 00/100 CENTS ($22,690.00),** and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in FIFTY EIGHT (58) equal consecutive monthly installments on the 15th day of each month thereafter, the sum of **TWENTY TWO THOUSAND SIX HUNDRED NINETY DOLLARS AND 00/100 CENTS ($22,690.00),** whenever increases occur in the interest rate, Bank, at its

option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment  Then on **AUGUST 15, 2012**, the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

2.      <u>Prepayment</u>. Borrower may make prepayments of principal and/or interest on this Note without a prepayment charge.

3.      <u>Application of Payments</u>.  To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

4.      <u>Attorneys' Fees; Expenses</u>.  Holder may hire or pay someone else to help collect the loan if Borrower does not pay.  Borrower also will pay Holder that amount.  This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

5.      <u>Default; Acceleration</u>.  Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

   **(A)**      **Payment Default**.  Borrower fails to make any payment when due under this Note.

   **(B)**      **Other Defaults**.  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

   **(C)**      **Environmental Default**. Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement

2

executed in connection with any loan.

    **(D)**   **False Statements.**   Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

    **(E)**   **Death or Insolvency.**   The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

    **(F)**   **Credit or Forfeiture Proceedings.**   Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder. However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an adequate reserve or bond for dispute.

    **(G)**   **Events Affecting Guarantor.**   Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness. In the event of a death, Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

<div align="center">3</div>

6. <u>Default; Penalties</u>. Notwithstanding any other provision of this Note, if default be made in the payment when due of any part or installment of principal and interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in an amount equal to two percent (2%) of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the Prevailing Rate from the date of such election to the date of payment.

7. <u>Waiver By Borrower</u>. The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. <u>Holder</u>. The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder".

9. <u>No Waiver By Bank</u>. The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. <u>Governing Law</u>. The laws of the Territory of Guam shall govern the validity, construction and effect of this Note. The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

11. <u>Right of Setoff</u>. Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all

4

accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts. Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

12.     Assignment/Endorsement.  This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

13.     Inurement/Succession.  The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

14.     Payable in U.S. Currency.  Principal, interest and all charges shall be payable in lawful money of the United States of America.

15.     Warranties By Borrower.  The undersigned represents and warrants that:

(A)  This Note constitutes a valid and enforceable obligation of the undersigned;

(B)  Neither the making of this Note nor the performance of the undersigned, will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

(C)  No authority from, or approval by, any governmental department, commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this _14th_ day of ~~August~~, SEPTEMBER 2007.

**BORROWER:**

**ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP. D.D., INCUMBENT**

By: _____
      Its Duly Authorized Representative

5

## PROMISSORY NOTE ITEMS PHOTOGRAPHED

$519,092.59

**Date:  July 3, 2003**
**Hagatna, Guam**

FOR VALUE RECEIVED, **ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP D.D., INCUMBENT,** whose address is P.O. Box 49, Hagatna, Guam 96932 (hereinafter "Borrower"), promises to pay to the order of **BANK OF GUAM,** a Guam banking corporation, whose address is P.O. Box BW, Hagatna, Guam 96932 (hereinafter "Holder" or "Bank"), the sum of **FIVE HUNDRED NINETEEN THOUSAND NINETY-TWO DOLLARS AND 59/100 ($519,092.59),** or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

The interest rate for this note shall be the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto (hereinafter "Reference Rate"), with no minimum rate of interest, and shall be adjusted annually on the anniversary date of this Note. The initial rate on this loan will be four percent (4%).  Whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment.  Interest on this Note shall be computed on the basis of a 360-day year and actual days elapsed.

1. · **Payments.** The Borrower shall pay on August 20, 2003, the sum of **THREE THOUSAND EIGHT HUNDRED THIRTY-NINE DOLLARS AND 67/00 ($3,839.67)**, and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in THIRTY-FOUR (34) equal consecutive monthly installments on the 20th day of each month thereafter, the sum of **THREE THOUSAND EIGHT HUNDRED THIRTY-NINE DOLLARS AND 67/100 ($3,839.67)**, whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment. Then on July 20, 2006, the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

2. **Prepayment.** Borrower may make prepayments of principal and/or interest on this Note without a prepayment charge.

3. **Application of Payments.** To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

4. **Attorneys' Fees/Expenses.** Holder may hire or pay someone else to help to collect the loan if Borrower does not pay. Borrower also will pay Holder that amount. This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for

2

bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

5.   **Default/Acceleration.**   Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

(A)   **Payment Default**.  Borrower fails to make any payment when due under this Note.

(B)   **Other Defaults**.  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply wit or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

(C)   **Environmental Default**.  Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

(D)   **False Statements**.  Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

(E)   **Death or Insolvency**.  The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the

benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

(F) **Credit or Forfeiture Proceedings**. Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder. However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an adequate reserve or bond for dispute.

(G) **Events Affecting Guarantor**. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness. In the event of a death, Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

6. **Default/Penalties**. Notwithstanding any other provision of this Note, if default be made in the payment when due of any part or installment of principal and

interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in an amount equal to five percent (5%) of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the Prevailing Rate from the date of such election to the date of payment.

7. **Waiver By Borrower.** The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. **Holder.** The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder."

9. **No Waiver By Bank.** The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. **Governing Law.** The laws of the Territory of Guam shall govern the validity, construction and effect of this Note. The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

5.

11. . **Right of Setoff**.  Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts.  Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

12. **Assignment/Endorsement**.  This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

13. **Inurement/Succession**.  The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

14. **Payable in U.S. Currency**.  Principal, interest and all charges shall be payable in lawful money of the United States of America.

15. **Warranties By Borrower**.  The undersigned represents and warrants that:

    (A)    This Note constitutes a valid and enforceable obligation of the undersigned;

    (B)    Neither the making of this Note nor the performance of the undersigned, will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

(C). No authority from, or approval by, any governmental department, commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this ___3rd___ day of July, 2003.

BORROWER:

**ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP. D.D., INCUMBENT**

By: _____

Its Duly Authorized Representative

ITEMS PHOTOGRAPHED

**PROMISSORY NOTE**

$600,000.00                                    **Date: NOVEMBER 15, 2002**
                                               **Hagatna, Guam**

FOR VALUE RECEIVED, **ARCHBISHOP OF AGANA, A CORPORATION SOLE,** **ANTHONY SABLAN APURON, OFM CAP D.D., INCUMBANT,** whose address is 196B Cuesta San Ramon, Hagatna, 96910 (hereinafter "Borrower"), promises to pay to the order of **BANK OF GUAM,** a Guam banking corporation, whose address is P.O. Box BW, Hagatna, Guam 96932 (hereinafter "Holder" or "Bank"), the sum of **SIX HUNDRED THOUSAND DOLLARS ($600,000.00),** or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

The interest rate for this note shall be the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto (hereinafter "Reference Rate"), with no minimum rate of interest, and shall be adjusted annually on the anniversary date of this Note. The initial rate on this loan will be four and one quarter percent (4.25%). Whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment. Interest on this Note shall be computed on the basis of a 360-day year and actual days elapsed.

1.    Payments.  The Borrower shall pay on December 25, 2002, the sum of **THREE THOUSAND SEVEN HUNDRED THIRTY FOUR AND 32/100 DOLLARS ($3,734.32),** and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in THIRTY FOUR (34) equal consecutive monthly installments on the 25th day of each month thereafter, the sum of **THREE THOUSAND SEVEN HUNDRED THIRTY FOUR AND 32/100 DOLLARS ($3,734.32),** whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its

original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment  Then on November 25, 2005, the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

    2.    <u>Prepayment</u>. Borrower may make prepayments of principal and/or interest on this Note without a prepayment charge.

    3.    <u>Application of Payments</u>.  To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

    4.    <u>Attorneys' Fees; Expenses</u>.  Holder may hire or pay someone else to help collect the loan if Borrower does not pay.  Borrower also will pay Holder that amount.  This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

    5.    <u>Default; Acceleration</u>.  Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

    **(A)**    **Payment Default**.  Borrower fails to make any payment when due under this Note.

    **(B)**    **Other Defaults**.  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

    **(C)**    **Environmental Default**.  Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**(D)    False Statements.**  Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**(E)    Death or Insolvency.**  The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**(F)    Credit or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan.  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder.  However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies  or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an adequate reserve or bond for dispute.

**(G)    Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness.  In the event of a death, Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

6.    <u>Default; Penalties</u>.  Notwithstanding any other provision of this Note, if default be

made in the payment when due of any part or installment of principal and interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in an amount equal to two percent (2%) of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the Prevailing Rate from the date of such election to the date of payment.

7. <u>Waiver By Borrower</u>. The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. <u>Holder</u>. The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder".

9. <u>No Waiver By Bank</u>. The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. <u>Governing Law</u>. The laws of the Territory of Guam shall govern the validity, construction and effect of this Note. The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

11. <u>Right of Setoff</u>. Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts.

Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

12. <u>Assignment/Endorsement</u>. This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

13. <u>Inurement/Succession</u>. The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

14. <u>Payable in U.S. Currency</u>. Principal, interest and all charges shall be payable in lawful money of the United States of America.

15. <u>Warranties By Borrower</u>. The undersigned represents and warrants that:

**(A)** This Note constitutes a valid and enforceable obligation of the undersigned;

**(B)** Neither the making of this Note nor the performance of the undersigned, will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

**(C)** No authority from, or approval by, any governmental department, commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this <u>15th</u> day of November, 2002.

**BORROWER:**

**ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP. D.D., INCUMBANT**

By: _(signature)_____

Its Duly Authorized Representative

# PROMISSORY NOTE

$830,000.00

Date: June 19 , 2002
Hagåtñå, Guam

FOR VALUE RECEIVED, **ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP, D.D., INCUMBENT,** whose address is 238 Archbishop Felixberto C. Flores Street, Hagåtñå, Guam, 96910 ("the Borrower"), promises to pay to the order of **BANK OF GUAM,** a Guam Banking corporation ("the Holder"), whose address is P.O. Box BW, Hagåtñå, Guam, 96932, the sum of **EIGHT HUNDRED THIRTY THOUSAND AND 00/100 DOLLARS ($830,000.00),** or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

1.      Interest.

(A)      During the construction period of this loan, the initial interest rate (the "Initial Interest Rate") payment hereunder shall be four and three-quarters percent (4.75%) per annum, which is the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto ("Reference Rate"), with no minimum rate of interest, until adjusted on the first day of the month (each such date being referred to herein as a "Change Date") following a change in the Reference Rate.

(B)      During the termout period of this loan, the interest rate shall be based on the prevailing Reference Rate fixed for a period of one (1) year and adjusted and fixed at each twelve (12) month anniversary date (commencement of monthly installments) based on the prevailing

Reference Rate.

Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (B) increase Borrower's payments to cover accruing interest; (C) increase the number of Borrower's payments; and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

1.     <u>Payments.</u>

    (A)    The Borrower shall pay on July 20, 2002, and on the 20th day of each month thereafter until and including no less than thirty (30) days but no more than forty-five (45) days following completion of construction of the improvements financed with the proceeds of the loan for which this Note is given, interest then accrued and unpaid on the outstanding principal disbursed on the Loan.

    (B)    Then, on October 20, 2002, and on the 20th day of each month thereafter, and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in consecutive monthly installments, which monthly installments shall be based on the prevailing Reference Rate and shall be adjusted and fixed at each twelve (12) month anniversary date based on the prevailing Reference Rate, and which monthly payment for the first year of this Loan shall be **FIVE THOUSAND THREE HUNDRED NINETY-THREE AND 61/100 DOLLARS ($5,393.61).** Then on September 20, 2005, the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

BOG:ARCHBISHOP.3:NOTE \ MJB:mjp

2.    <u>Prepayment</u>.  Borrower may make prepayments of principal and/or interest on this Note without a prepayment charge.

3.    <u>Application of Payments</u>.  To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

4.    <u>Attorneys' Fees; Expenses</u>.  Holder may hire or pay someone else to help collect the loan if Borrower does not pay.  Borrower also will pay Holder that amount.  This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

5.    <u>Default; Acceleration</u>.  Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

(A)    **Payment Default**.  Borrower fails to make any payment when due under this Note.

(B)    **Other Defaults**.  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

(C)    **Environmental Default**.  Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

BOG:ARCHBISHOP.3:NOTE \ MJB:mjp

**(D)  False Statements.**  Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**(E)  Death or Insolvency.**  The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**(F)  Credit or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder. However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an adequate reserve or bond for dispute.

**(G)  Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness. In the event of a death,

ROG:ARCHBISHOP.3:NOTE \ HJB:mjp

– 4 –

Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

6. <u>Default; Penalties</u>. Notwithstanding any other provision of this Note, if default be made in the payment when due of any part or installment of principal and interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in an amount equal to five percent (5%) of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the Prevailing Rate from the date of such election to the date of payment.

7. <u>Waiver By Borrower</u>. The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. <u>Holder</u>. The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder".

9. <u>No Waiver By Lender</u>. The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. <u>Governing Law</u>. The laws of the Territory of Guam shall govern the validity,

construction and effect of this Note.  The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

11.  <u>Right of Setoff</u>. Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts.  Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

12.  <u>Assignment/Endorsement</u>.  This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

13.  <u>Inurement/Succession</u>.  The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

14.  <u>Payable in U.S. Currency</u>.  Principal, interest and all charges shall be payable in lawful money of the United States of America.

15.  <u>Warranties By Borrower</u>.  The undersigned represents and warrants that:

(A)  This Note constitutes a valid and enforceable obligation of the undersigned;

(B)  Neither the making of this Note nor the performance of the undersigned, will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

///

BOG:ARCHBISHOP.3:NOTE \ MJB:mjb

(C)  No authority from, or approval by, any governmental department, commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this _19th_ day of June, 2002.

BORROWER:

**ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP. D.D., INCUMBENT**

By: _David C. Smitgen_

Its Duly Authorized Representative

# PROMISSORY NOTE

| Principal $2,150,356.85 | Loan Date 08-19-2014 | Maturity 08-25-2019 | Loan No 1516-003335 | Call / Coll 00 | Account | Officer *** | Initials |
|---|---|---|---|---|---|---|---|

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Father Duenas Memorial School (TIN: 66-0480280) 196B Cuesta San Ramon Hagatna, GU 96910

**Lender:** Bank of Guam P.O. Box BW Hagatna, GU 96932

---

**Principal Amount: $2,150,356.85**  **Date of Note: August 19, 2014**

**PROMISE TO PAY.** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Father Duenas Memorial School ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million One Hundred Fifty Thousand Three Hundred Fifty-six & 85/100 Dollars ($2,150,356.85), together with interest on the unpaid principal balance from August 19, 2014, until paid in full.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $13,105.97 each and one irregular last payment estimated at $1,777,848.94. Borrower's first payment is due September 25, 2014, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on August 25, 2019, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Year, on the anniversary date of the note. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, resulting in an initial rate of 4.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. (Initial Here _____ )

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU 96932.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000%** of the unpaid portion of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

Case 1:13-cv-00124 Document 1728 Filed 05/16/19 Page 27 of 55

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE ANTHONY SABLAN APURON, OFM CAP. D.D. INCUMBENT FATHER DUENAS MEMORIAL SCHOOL

By: _____

David C. Quitugua, JCD, Vicar General of Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Father Duenas Memorial School

LASER PRO Lending, Ver. 14.2.0.021 Copr. D+H USA Corporation 1997, 2014. All Rights Reserved. - GU F:\HARLAND\CFI\LPL\D20.FC TR-94958 PR-25

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $714,000.00 | 01-05-2011 | 01-05-2016 | 1501-190117 | 00 | | 999 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole, Anthony
Sablan Apuron, OFM CAP., D.D Incumbent (TIN:
66-0480280)
PO BOX EC
Hagatna , GU 96932

**Lender:** Bank of Guam
P.O. Box BW
Hagatna, GU 96932

**Principal Amount: $714,000.00**                    **Date of Note: January 5, 2011**

**PROMISE TO PAY.** Archbishop of Agana, A Corporation Sole, Anthony Sablan Apuron, OFM CAP., D.D Incumbent ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Seven Hundred Fourteen Thousand & 00/100 Dollars ($714,000.00), together with interest on the unpaid principal balance from January 5, 2011, until paid in full.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $6,132.94 each and one irregular last payment estimated at $525,930.81. Borrower's first payment is due February 5, 2011, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on January 5, 2016, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index upon Borrower's request. The interest rate change will not occur more often than each 1st day of the month following an activity on the Index. Borrower understands that Lender may make loans based on other rates as well. The index currently is 4.000% per annum. Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 5.500% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be less than 5.500% per annum or more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU 96932.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or

disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP., D.D INCUMBENT

By: _____
    Anthony Sablan Apuron , Archbishop of Agana of
    Archbishop of Agana, A Corporation Sole, Anthony
    Sablan Apuron, OFM CAP., D.D Incumbent

LASER PRO Lending, Ver. 5.54.00.006 Copr. Harland Financial Solutions, Inc. 1997, 2011. All Rights Reserved. - GU P:\HARLAND\CFI\LPL\D20.FC TR-55309 PR-25

# PROMISSORY NOTE

$4,600,000.00

**Date: June 29, 2009**
**Hagatna, Guam**

**FOR VALUE RECEIVED, ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP, D.D., INCUMBENT,** a Guam corporation, whose address is 238 Archbishop Felixberto C. Flores Street, Hagatna, Guam 96910 ("the Borrower"), promises to pay to the order of **BANK OF GUAM**, a Guam Banking corporation ("the Holder"), whose address is P.O. Box BW, Hagatna, Guam 96932, the sum of **FOUR MILLION SIX HUNDRED THOUSAND AND 00/100 DOLLARS ($4,600,000.00)**, or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

1.      <u>Interest.</u>

The interest rate for this note shall be the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto (hereinafter "Reference Rate"), with no minimum rate of interest, and shall be adjusted annually on the anniversary date of this Note. The initial rate on this loan will be <u>four</u> percent ( <u>4</u> %) per annum. Whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment. Interest on this Note shall be computed on the basis of a 360-day year and actual days elapsed.

2.      <u>Payments.</u>

(A)      The Borrower shall pay on July 30, 2009, on the 30th day of each month thereafter until and including January 30, 2010, interest then accrued and unpaid on the outstanding

principal disbursed on the Loan.

    **(B)** Then, on February 28, 2010, and on the 30th day of each month thereafter, and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in fifty-eight (58) consecutive monthly installments, which monthly installments shall be based on the prevailing Reference Rate and shall be adjusted and fixed each twelve (12) month anniversary date based on the prevailing Reference Rate, and which monthly payment shall not be less than <u>Twenty Eight Thousand Nine dollars and 94/100</u> **DOLLARS ($<u>28,009.94</u>).** Then on January 30, 2015 the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

    3. <u>Prepayment</u>. The Borrower may make prepayments of principal and interest on this Note without a prepayment penalty.

    4. <u>Application of Payments</u>. To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

    5. <u>Attorneys' Fees; Expenses</u>. Holder may hire or pay someone else to help collect the loan if Borrower does not pay. Borrower also will pay Holder that amount. This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

    6. <u>Default; Acceleration</u>. Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

    **(A)** **Payment Default.** Borrower fails to make any payment when due under this Note.

**(B)** **Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

**(C)** **Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**(D)** **False Statements.** Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**(E)** **Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**(F)** **Credit or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder. However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an

adequate reserve or bond for dispute.

(G) **Events Affecting Guarantor**. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness. In the event of a death, Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

7. <u>Waiver By Borrower</u>. The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. <u>Holder</u>. The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder".

9. <u>No Waiver By Lender</u>. The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. <u>Governing Law</u>. The laws of the Territory of Guam shall govern the validity, construction and effect of this Note. The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

11. <u>Default; Penalties</u>. Notwithstanding any other provision of this Note, if default be made in the payment when due of any part or installment of principal and interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in

am amount equal to five (5) percent of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereafter, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the prevailing rate from the date of such election to the date of payment

12. <u>Right of Setoff</u>. Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts. Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

13. <u>Assignment/Endorsement</u>. This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

14. <u>Inurement/Succession</u>. The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

15. <u>Payable in U.S. Currency</u>. Principal, interest and all charges shall be payable in lawful money of the United States of America.

16. <u>Warranties By Borrower</u>. The undersigned represents and warrants that:

(A) This Note constitutes a valid and enforceable obligation of the undersigned;

(B) Neither the making of this Note nor the performance of the undersigned will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

(C) No authority from, or approval by, any governmental department,

commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this <u>29th</u> day of June 2009.

**BORROWER:**

**ARCHBISHOP OF AGANA,**
**A CORPORATION SOLE,**
**ANTHONY SABLAN APURON,**
**OFM CAP, D.D., INCUMBENT**

By: *Fr. Joe Alberto Rodriguez For.*
**ANTHONY SABLAN APURON, OFM CAP.**
**D.D., INCUMBENT**

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,462,325.14 | 07-31-2015 | 08-05-2020 | 1501-213095 | 00 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Dulce Nombre de Maria Cathedral - Basilica (TIN: 66-0480280) 207 Archbishop Flores St. Hagatna, GU 96910

**Lender:** Bank of Guam P.O. Box BW Hagatna, GU 96932

**Principal Amount: $2,462,325.14**　　　　　　　　**Date of Note: July 31, 2015**

**PROMISE TO PAY.** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Dulce Nombre de Maria Cathedral - Basilica ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million Four Hundred Sixty-two Thousand Three Hundred Twenty-five & 14/100 Dollars ($2,462,325.14), together with interest on the unpaid principal balance from July 31, 2015, until paid in full.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $13,084.45 each and one irregular last payment estimated at $2,161,453.68. Borrower's first payment is due September 5, 2015, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on August 5, 2020, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Year, on the anniversary date of the note. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, resulting in an initial rate of 4.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. (Initial Here _____ )

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU 96932.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate

Case 1:19-cv-00010　Document 25-1　Filed 03/22/19　Page 39 of 55

reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

# PROMISSORY NOTE
## (Continued)

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE ANTHONY SABLAN APURON, OFM CAP. D.D. INCUMBENT DULCE NOMBRE DE MARIA CATHEDRAL - BASILICA

By: _____
    Most Rev. Anthony S. Apuron OFM Cap., D.D.

LaserPro, Ver. 14.5.10.004 Copr. D+H USA Corporation 1997, 2015. All Rights Reserved. - GU P:\HARLAND\CFI\LPL\D20.FC TR-107686 PR-25

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $747,554.30 | 07-31-2015 | 08-05-2020 | 1501-213108 | 00 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole Anthony
Sablan Apuron, OFM CAP. D.D. Incumbent Dulce
Nombre de Maria Cathedral - Basilica Museum (TIN:
66-0480280)
207 Archbishop Flores St.
Hagatna, GU  96910

**Lender:** Bank of Guam
P.O. Box BW
Hagatna, GU  96932

---

**Principal Amount: $747,554.30**                                          **Date of Note:  July 31, 2015**

**PROMISE TO PAY.** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Dulce Nombre de Maria Cathedral - Basilica Museum ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Seven Hundred Forty-seven Thousand Five Hundred Fifty-four & 30/100 Dollars ($747,554.30), together with interest on the unpaid principal balance from July 31, 2015, until paid in full.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $3,972.39 each and one irregular last payment estimated at $656,211.26. Borrower's first payment is due September 5, 2015, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on August 5, 2020, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Year, on the anniversary date of the note. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, resulting in an initial rate of 4.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. (Initial Here _____ )

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be** mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU  96932.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate

Case 1:19-cv-00010   Document 125-1   Filed 03/03/20   Page 42 of 55

reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE ANTHONY SABLAN APURON, OFM CAP. D.D. INCUMBENT DULCE NOMBRE DE MARIA CATHEDRAL - BASILICA MUSEUM

By: _____
Most Rev. Anthony S. Apuron OFM Cap., D.D.

LaserPro, Ver. 14.5.10.004  Copr. D+H USA Corporation 1997, 2015.  All Rights Reserved.  - GU  P:HARLAND\CFI\LPL\D20.FC  TR-107643  PR-25

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $866,581.56 | 07-31-2015 | 08-05-2020 | 1501-213112 | 00 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole Anthony
Sablan Apuron, OFM CAP. D.D. Incumbent Dulce
Nombre de Maria Cathedral - St. Therese Chapel
(TIN: 66-0480280)
207 Archbishop Flores St.
Hagatna, GU 96910

**Lender:** Bank of Guam
P.O. Box BW
Hagatna, GU 96932

---

**Principal Amount: $866,581.56**                           **Date of Note: July 31, 2015**

**PROMISE TO PAY.** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. Incumbent Dulce Nombre de Maria Cathedral - St. Therese Chapel ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Eight Hundred Sixty-six Thousand Five Hundred Eighty-one & 56/100 Dollars ($866,581.56), together with interest on the unpaid principal balance from July 31, 2015, until paid in full.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $4,604.89 each and one irregular last payment estimated at $760,694.17. Borrower's first payment is due September 5, 2015, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on August 5, 2020, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Year, on the anniversary date of the note. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, resulting in an initial rate of 4.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. (Initial Here ~~___~~ )

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU 96932.**

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate

Case 1:19-cv-00010   Document 252-1   Filed 04/02/19   Page 45 of 55

reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE ANTHONY SABLAN APURON, OFM CAP. D.D. INCUMBENT DULCE NOMBRE DE MARIA CATHEDRAL - ST. THERESE CHAPEL

By: _____
Most Rev. Anthony S. Apuron OFM Cap, D.D.

LaserPro, Ver. 14.5.10.004  Copr. D+H USA Corporation 1997, 2015.  All Rights Reserved.  - GU  P:\HARLAND\CFI\LPL\D20.FC  TR-107626  PR-25

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $12,595.00 | 12-14-2015 | 12-20-2020 | 1501-215264 | | | *** | |
| | | | | 30-NewDire | | | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. (TIN: 66-0480280)
196B Cuesta San Ramon
Hagatna, GU 96910

**Lender:** Bank of Guam
P.O. Box BW
Hagatna, GU 96932

---

**Principal Amount: $12,595.00** **Date of Note: December 14, 2015**

**PROMISE TO PAY. Archbishop of Agana, A Corporation Sole Anthony Sablan Apuron, OFM CAP. D.D. ("Borrower") promises to pay to Bank of Guam ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twelve Thousand Five Hundred Ninety-five & 00/100 Dollars ($12,595.00), together with interest on the unpaid principal balance from December 14, 2015, until paid in full.**

**PAYMENT. Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 payments of $232.44 each payment and an irregular last payment estimated at $233.09. Borrower's first payment is due January 20, 2016, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on December 20, 2020, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an index which is the Bank of Guam Reference Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each Year, on the anniversary date of the note. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, resulting in an initial rate of 4.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. **Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.**

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. (Initial Here ________ )**

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Guam, P.O. Box BW, Hagatna, GU 96932.**

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 2.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within eleven (11) days; or (2) if the cure requires more than eleven (11) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Territory of Guam without regard to its conflicts of law provisions. This Note has been accepted by Lender in the Territory of Guam.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of the Territory of Guam.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by the following collateral described in the security instrument listed herein: a motor vehicle described in a Commercial Security Agreement dated December 14, 2015.

**LATE FEES & PENALTIES.** If default be made in the payment when due or any part or installment of principal and interest, then whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, without notice. Notwithstanding any other provision of this note, if default be made in the payment when due or any part of installment of principal and interest, the undersigned agrees to pay a deliquency charge for each installment in default 10 days or more in an amount equal to 5% of each installment and any amount payable at the same time. In the event the holder of this note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election to the rate of 2% over the existing rate at the time of default from the date of such election to the date of payment.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Bank of Guam P.O. Box BW Hagatna, GU 96932.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the Territory of Guam (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

ARCHBISHOP OF AGANA, A CORPORATION SOLE ANTHONY SABLAN APURON, OFM CAP. D.D.

By: _____

    Most Rev. Anthony S. Apuron OFM Cap., D.D.

LaserPro, Ver. 15.4.20.033  Copr. D+H USA Corporation 1997, 2015.  All Rights Reserved.  - GU  P:\HARLAND\CFI\LPL\D20.FC  TR-112605  PR-25

ITEMS PHOTOGRAPHED

# PROMISSORY NOTE

$600,000.00                                   **Date: NOVEMBER 15, 2002**
                                                     **Hagatna, Guam**

FOR VALUE RECEIVED, **ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP D.D., INCUMBANT,** whose address is 196B Cuesta San Ramon, Hagatna, 96910 (hereinafter "Borrower"), promises to pay to the order of **BANK OF GUAM,** a Guam banking corporation, whose address is P.O. Box BW, Hagatna, Guam 96932 (hereinafter "Holder" or "Bank"), the sum of **SIX HUNDRED THOUSAND DOLLARS ($600,000.00),** or so much thereof as may be disbursed, together with interest thereon from the date of disbursement of said principal sum, all as provided herein.

The interest rate for this note shall be the base rate which Bank of Guam from time to time establishes, and which serves as a basis upon which effective rates of interest are calculated for those loans making reference thereto (hereinafter "Reference Rate"), with no minimum rate of interest, and shall be adjusted annually on the anniversary date of this Note. The initial rate on this loan will be four and one quarter percent (4.25%). Whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment. Interest on this Note shall be computed on the basis of a 360-day year and actual days elapsed.

1.   <u>Payments</u>. The Borrower shall pay on December 25, 2002, the sum of **THREE THOUSAND SEVEN HUNDRED THIRTY FOUR AND 32/100 DOLLARS ($3,734.32),** and unless demand is made and becomes effective as provided herein, or the principal of this Note and interest thereon have been sooner paid, the Borrower shall pay in THIRTY FOUR (34) equal consecutive monthly installments on the 25th day of each month thereafter, the sum of **THREE THOUSAND SEVEN HUNDRED THIRTY FOUR AND 32/100 DOLLARS ($3,734.32),** whenever increases occur in the interest rate, Bank, at its option, may do one or more of the following: (a) increase Borrower's payments to ensure Borrower's loan will pay off by its

original final maturity date; (b) increase Borrower's payments to cover accruing interest; (c) increase the number of Borrower's payments; and (d) continue Borrower's payments at the same amount and increase Borrower's final payment  Then on November 25, 2005, the full balance of principal and accrued and unpaid interest of the Note, if not earlier paid, shall become due and payable.

2.    <u>Prepayment</u>. Borrower may make prepayments of principal and/or interest on this Note without a prepayment charge.

3.    <u>Application of Payments</u>.  To the extent permitted by law all payments shall be applied first to interest accrued hereon, next to principal, and then to charges.

4.    <u>Attorneys' Fees; Expenses</u>.  Holder may hire or pay someone else to help collect the loan if Borrower does not pay.  Borrower also will pay Holder that amount.  This includes, subject to any limits under applicable law, Holder's reasonable attorneys' fees and Holder's legal expenses and court costs, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

5.    <u>Default; Acceleration</u>.  Upon the happening of any of the following events, the Holder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice, to wit:

(A)    **Payment Default**.  Borrower fails to make any payment when due under this Note.

(B)    **Other Defaults**.  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Holder and Borrower.

(C)    **Environmental Default**.  Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**(D)     False Statements**.  Any warranty, representation or statement made or furnished to Holder by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material aspect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**(E)     Death or Insolvency**.  The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**(F)     Credit or Forfeiture Proceedings**.  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against the collateral securing the loan.  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Holder.  However, this event of default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Holder written notice of the creditor or forfeiture proceeding and deposits with Holder monies  or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Holder, in its sole discretion, as being an adequate reserve or bond for dispute.

**(G)**  **Events Affecting Guarantor**.  Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness.  In the event of a death, Holder, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Holder, and, in doing so, cure any event of default.

6.     <u>Default; Penalties</u>.  Notwithstanding any other provision of this Note, if default be

made in the payment when due of any part or installment of principal and interest, the undersigned agrees to pay a delinquency charge for each installment in default ten (10) days in an amount equal to two percent (2%) of each installment and any amount payable at the same time. In the event the Holder of this Note elects, upon default being made hereunder, that the whole sum of principal and interest become immediately due and payable, the undersigned agrees to pay interest on the whole sum of principal and interest accrued to the date of such election at the rate of two percent (2%) over the Prevailing Rate from the date of such election to the date of payment.

7. <u>Waiver By Borrower</u>. The undersigned waives presentment for payment, demand, notice of non-payment, notice of protest, and protest of this Note, and all endorsers, sureties, and guarantors hereof, consent to any and all extensions of time, waivers or modifications that may be granted by the Holder hereof.

8. <u>Holder</u>. The Holder, or anyone who takes this Note by transfer and who is entitled to receive payments under this Note, is called the "Holder".

9. <u>No Waiver By Bank</u>. The Holder shall not by any action or omission or commission be deemed to waive any of its rights or remedies hereunder; a waiver of one event shall not be construed as continuing or as a bar to, or waiver of, such right or remedy on a subsequent event.

10. <u>Governing Law</u>. The laws of the Territory of Guam shall govern the validity, construction and effect of this Note. The parties agree that any legal action, suit or proceeding against each other with respect to their obligations, liabilities or any other matter arising out of or in connection with this Note, may only be brought in the courts of the Territory of Guam.

11. <u>Right of Setoff</u>. Borrower grants to Holder a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Holder all rights, title and interest in and to, any accounts with Holder (whether checking, savings, or some other account), including without limitation all accounts held jointly with someone else and all accounts it may open in the future, excluding however all IRA, Keogh, and trust accounts.

Borrower authorizes Holder, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

12. <u>Assignment/Endorsement</u>. This Note may be assigned, transferred or endorsed by Holder without the Borrower's consent.

13. <u>Inurement/Succession</u>. The obligations and benefits under this Note shall inure to the heirs, successors in interest, or assigns, respectively, of Borrower and Holder.

14. <u>Payable in U.S. Currency</u>. Principal, interest and all charges shall be payable in lawful money of the United States of America.

15. <u>Warranties By Borrower</u>. The undersigned represents and warrants that:

    **(A)** This Note constitutes a valid and enforceable obligation of the undersigned;

    **(B)** Neither the making of this Note nor the performance of the undersigned, will violate any provision of law, or any agreement, indenture, Note or other instrument binding upon the undersigned, not give cause for acceleration of any indebtedness of the undersigned;

    **(C)** No authority from, or approval by, any governmental department, commission or agency, territorial, federal or otherwise, is required to the making or validity of this Note.

Dated this <u>15th</u> day of November, 2002.

**BORROWER:**

**ARCHBISHOP OF AGANA, A CORPORATION SOLE, ANTHONY SABLAN APURON, OFM CAP. D.D., INCUMBENT**

By: _____

Its Duly Authorized Representative