CAMACHO CALVO LAW GROUP LLC
DONALD V. CALVO
dcalvo@camachocalvo.law
134 W Soledad Ave Ste 401
Hagåtña, GU 96910
Tel No. 671.472.6813
Fax No. 671.477.4375

ASHFORD & Wriston LLLP
Seth T. Buckley, Esq. [Hawaii Bar No. 9353]
999 Bishop Street, Suite 1400
Honolulu, Hawaii 96813
P. (808) 539-0408
F. (808) 533-4945

Attorneys for Bank of Hawaii

**THE DISTRICT COURT OF GUAM**

In re:

ARCHBISHOP OF AGANA,

a Corporation Sole

Debtor.

Bankruptcy Case No. 19-00010
Chapter 11

**FINAL ORDER AUTHORIZING USE OF BANK OF HAWAII
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court upon Debtor's Motion for Interim Order Authorizing Use of Cash Collateral, Granting Adequate Protection and Setting Final Hearing [ECF No. 21] (the "Cash Collateral Motion") filed by the Archbishop of Agaña, a Corporation Sole, also known as Roman Catholic Archdiocese of Agaña, Debtor-in-Possession, in the above captioned Chapter 11 bankruptcy case ("AOA" or "Debtor"). Pursuant to the Cash Collateral Motion, the Debtor sought: (i) entry of an order authorizing Debtor's use of cash collateral as set forth in the Cash Collateral Motion; and (ii) entry of an order providing the Bank of Hawaii ("BOH") with adequate protection with respect to outstanding loans issued by BOH for the benefit of the Debtor, Parishes, programs and schools which are secured against accounts through rights of setoff. The Cash Collateral Motion was granted by the Court on an interim basis on January 25, 2019 [ECF No. 55] (the "Interim Cash Collateral Order"). A final hearing on the Cash Collateral Motion was held on May 3, 2019. Unless otherwise defined herein, capitalized terms in this

Order shall be given the same meaning ascribed to such terms in the Motion.

**BASED UPON THE RECORD BEFORE THE COURT, THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 16, 2019 (the "Petition Date").

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § § 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(D). The statutory bases for the relief requested in the Motion are Bankruptcy Code § § 105, 361 and 364. Fed. R. Bankr. P. 4001(c) governs the Motion.

3. Since the Petition Date, the Debtor has been operating as a debtor-in-possession pursuant to Bankruptcy Code § § 107 and 1108.

**BASED ON THESE FINDINGS AND CONCLUSIONS, IT IS HEREBY ORDERED:**

4. The AOA, Parishes, programs and schools, shall be entitled to utilize the accounts in the ordinary course of their operations subject to the terms and conditions set forth in this Order.

5. Debtor, pursuant to 11 U.S.C. § 361, 362 and 363 will provide BOH with adequate protection by way of making post-petition payments pursuant to the loan agreement in the amount of $10,930.00 per month, post-petition, which is the same monthly amount paid pre-petition.

6. BOH shall be granted an adequate protection lien on all accounts of BOH where the account holder has the federal employer identification number 66-0480280, as being the accounts identified on the list of accounts attached hereto as **Exhibit "1"** and made a part hereof. The validity of BOH's adequate protection lien shall be the same as the validity of BOH's pre-petition right of offset. The priority of such adequate protection lien shall be determined as if the lien were perfected on the date that the petition in this case was filed.

7. The Debt Service Payments made by AOA shall reduce the post-petition lien of BOH on a dollar-for-dollar basis. By way of example, the original amount that BOH is secured as of the Petition Date, or $242,781.05, will be reduced dollar-for-dollar on a monthly basis by any payments made up to the relevant point in time. Any dollar-for-dollar reduction, however, shall only be applied to the principal portion of the monthly post-petition payments.

8. The accounts identified on **Exhibit "1"** will be maintained so that the average daily balance of the accounts drops to no less than 80% of the accounts as of the Petition Date, less the principal portion of any adequate protection payments made up to the relevant point in time.

9. This Order shall not affect the Official Committee of Unsecured Creditors with respect to the characterization of any asset as property of the estate or not property of the estate, or the characterization of any claim as a claim against AOA (whether directly or as a fiduciary for another). Any disputes regarding these issues will be resolved by the relevant parties in interest in another contested matter, an adversary proceeding, or a proceeding before another court of competent jurisdiction. In the event that any portion of the accounts identified on **Exhibit "1"** is ultimately determined by such court to not be property of the AOA's bankruptcy estate (the "Excluded Accounts"), this Order shall be void *ab initio* and ineffectual with respect to the Excluded Accounts, and any replacement setoff rights, liens, other rights, or claims created by this Order, or created by any order thereon, against the Excluded Accounts or property of the estate traceable to the Excluded Accounts shall be unenforceable and of no further force or effect, but BOH's rights against the Excluded Accounts under applicable non-bankruptcy law shall not be affected; provided, however, that BOH may apply to the Court for substitute adequate protection to replace the Excluded Accounts.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: May 09, 2019**

# EXHIBIT 1

# LIST OF ACCOUNTS

| Account Name | Federal EIN | Account Number |
|---|---|---|
| The Saint Andrew Kim Catholic Church | 66-0480280 | -3908 |
| Catholic Church Piti | 66-0480280 | -1196 |
| Catholic Church Tamuning | 66-0480280 | -506 |
| Archdiocese of Agaña | 66-0480280 | -551 |
| Archdiocese of Agaña | 66-0480280 | -1263 |
| Archdiocese of Agaña | 66-0480280 | -288 |
| Confraternity of Christian Mothers Sinajana | 66-0480280 | -8824 |