Ford Elsaesser, ISB #2205
Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
Tel: (208) 667-2900
Fax: (208) 667-2150
ford@eaidaho.com
brucea@eaidaho.com

John C. Terlaje
LAW OFFICE OF JOHN C. TERLAJE
Terlaje Professional Bldg., Suite 216
194 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 477-8894/5
john@terlaje.net

*Counsel for Debtor-in-Possession*

**IN THE DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**
**BANKRUPTCY DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ARCHBISHOP OF AGAÑA, a Corporation Sole, | Case No. 19-00010 |
| Debtor. | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO EXTEND EXCLUSIVITY PERIOD

COMES NOW the The Archbishop of Agaña, a Corporate Sole, Debtor-in-Possession herein, ("Archbishop" or "Debtor"), by and through its undersigned counsel Bruce A. Anderson of Elsaesser Anderson, Chtd., and submits this memorandum in support of its Motion to Extend Exclusivity Period ("Motion"). The Debtor has requested an extension until September 16, 2019, to file its plan and until November 18, 2019, to obtain

MEMORANDUM IN SUPPORT OF
MOTION EXTEND EXCLUSIVITY PERIOD- 1

acceptance of its plan.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider the relief requested in the Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 USC § 157(b). Venue is proper under 28 USC §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

On January 16, 2019, ("Petition Date") Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 the Debtor continues to operate and manage its affairs as a debtor-in-possession. No trustee or examiner has been appointed in this case. Debtor maintains it is in full compliance with the U.S. Trustee's office requirements.

## ARGUMENT

The purpose of the requested extension is to give the Debtor a reasonable amount of time to attempt to propose a confirmable plan of reorganization. The underlying policy of Chapter 11 is a successful rehabilitation of the debtor. *See, NLRB v. Bildisco & Bildisco,* 465 US 513, 527 (1984) and *In re Lobera,* 454 B.R. 824, 854 (Bankr. D. N.M. 2011). A plan of reorganization is the principal means of achieving this goal. *See, In re Economy Cab and Tool Co.*, 44 B.R. 721, 725 (Bankr. D.Minn. 1984); *In re Trainer's, Inc.*, 17 B.R. 246, 247-48 (Bankr. E.D. Pa. 1982). It is believed a feasible plan of reorganization may be achievable here.

Pursuant to Section 1121(b) of the Bankruptcy Code, the Debtor is granted the exclusive right to file a Chapter 11 Plan for a certain period of time. Section 1121(b) provides:

> Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

Section 1121(c)(3) of the Bankruptcy Code provides the debtor with an additional period of 60 days in which the debtor may solicit acceptances of its proposed plan:

> Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if...
> (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

Section 1121 (d)(1) of the Bankruptcy Code provides for reduction or extension of the above-stated time periods:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

Section 1121(d)(2) of the Bankruptcy Code limits the amount of time the Court may extend the exclusivity periods:

> (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

The exclusivity period embodies recognition by Congress that the debtor-in-possession is the party in the best position to understand and address the interests of all of the parties involved in a Chapter 11 bankruptcy case, and that the best chance for a successful plan lays in the ability of the debtor-in-possession to balance the interests of

parties to the case. In determining whether cause exists under § 1121(d) to extend the exclusivity period for filing a plan and obtaining acceptance of a plan, the courts consider nine factors: (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan and prepare adequate information; (3) good faith progress towards reorganization; (4) whether a debtor is paying its bills on time; (5) whether reasonable prospects for filing a feasible plan have been demonstrated; (6) whether the debtor has progressed in negotiations with creditors; (7) the amount of time elapsed in the case; (8) whether an extension of exclusivity is sought to pressure creditors to submit to the debtor's demands; and (9) whether there are unresolved contingencies. *See generally, In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)); *In re Service Merchandise Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) and *In re Catholic Bishop of Northern Alaska,* 2009 WL 8412171 at *1 (Bankr. D. Alaska September 11, 2009).

Application of the nine factors referenced above favors extending exclusivity.

1. **The size and complexity of the case**. This is moderately complex and large case. Debtor has presently set a Bar Date of August 15, 2019 which, once concluded, will provide information regarding the number of Sexual Abuse Claims in this case. Once that number is learned, it is hoped that the Plaintiffs, the Unsecured Creditors' Committee ("UCC") and the Debtor, with the insurance carriers, will take the issues to mediation with the goal of arriving at a settlement and a consensual plan of reorganization.

2. **The necessity for sufficient time to permit the Debtor to negotiate a plan and prepare adequate information.** The case was filed on January 16, 2019. The Bar

Date in this matter is set for August 15, 2019. Once all claims are filed, it is hoped that mediation can take place within a reasonable period of time after that Bar Date has concluded. If mediation is successful, a plan of reorganization will be created which will reflect the settlement and the parties' intent going forward. Thus, the process will likely go well beyond the August 15, 2019 Bar Date.

3. **Good faith progress towards a plan.** As set forth above, the Debtor has been proceeding in good faith to lay the groundwork that will permit the filing of a confirmable plan.

4. **Whether a debtor is paying its bills on time.** As reflected in the Debtor's monthly reports filed with the Court, the Debtor is paying its bills on time. Debtor has been fully compliant with its filing and paying obligations with the Office of the United States Trustee.

5. **Whether reasonable prospects for filing a feasible plan have been demonstrated.** Debtor has been paying its debts as they become due, and believes it would be in the position to present a confirmable plan of reorganization once resolution of the abuse claims, and once contributions of insurance carriers and interested parties are known.

6. **Whether the debtor has progressed in negotiations with creditors.** Debtor has been fully open and transparent with its creditors and it believes it has maintained a good relationship, such that advocating for a consensual or joint plan of reorganization is possible.

7. **The amount of time elapsed in the case.** The case was filed on January 16, 2019, and has been proceeding for approximately three months as of the time of this

MEMORANDUM IN SUPPORT OF
MOTION EXTEND EXCLUSIVITY PERIOD - 5

Case 19-00010   Document 183   Filed 05/11/19   Page 5 of 7

filing. That is certainly not a protracted period of time and, given such a large and complex case, is reasonable under the circumstances.

8. **Whether an extension of exclusivity is sought to pressure creditors to submit to the debtor's demands.** The Debtor asserts the requested extension is not being sought to pressure creditors.

9. **Whether there are unresolved contingencies.** It is believed the universe of Sexual Abuse Claims must be known before the Debtor can engage in meaningful discussions with Plaintiffs, the UCC, and its insurance carriers for the purpose of arriving at a settlement and a consensual or joint plan of reorganization.

## CONCLUSION

WHEREFORE Debtor's request for extensions of time as set forth in its Motion should be granted.

RESPECTFULLY SUBMITTED this 10th day of May, 2019.

        ELSAESSER ANDERSON, CHTD.

        */s/ Bruce A. Anderson*
        Ford Elsaesser
        Bruce A. Anderson

        -and-

        THE LAW OFFICE OF JOHN C. TERLAJE

        */s/ John C. Terlaje*
        John C. Terlaje

# CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2019, in accordance with Fed. R. Civ. P. 5(b)(3), a true copy of the foregoing was served via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case, and the U.S. Trustee.

Additionally, by regular first class mail, postage prepaid, the foregoing was served to the parties on the attached MML* and the following non-ECF parties:

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Guam Department of Revenue and Taxation
Real Estate Tax Department
P.O. Box 23607
Barrigada, Guam 96921

Rosenberg & McKay,
Randall Rosenberg
737 Bishop Street, Suite 2350,
Mauka Tower
Honolulu, HI 96813

Blank Rome, LLP,
James Murray,
1825 Eye Street NW
Washington, DC 20006

James, Vernon & Weeks, P.A.,
Leander James, Craig Vernon
1626 Lincoln Way
Coeur d'Alene, ID 83814

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 10, 2019        */s/ Bruce A. Anderson*
                            Bruce A. Anderson

* The attached list will not be mailed out to creditors, but will be on file with the United States Bankruptcy Court. A copy will be provided upon request.