**G. PATRICK CIVILLE**
**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE:  (671) 477-2511
EMAIL:  pciville@civilletang.com

*Attorneys for Boy Scouts of America,*
*Boy Scouts of America Aloha Council Chamorro District*

## IN THE UNITED STATES DISTRICT COURT OF GUAM
## BANKRUPTCY DIVISION

| | |
|---|---|
| In Re:<br><br>ARCHBISHOP OF AGAÑA,<br>a Corporation Sole,<br><br>Debtor. | BANKRUPTCY CASE NO. 19-00010<br><br>**BOY SCOUTS OF AMERICA AND BOY SCOUTS OF AMERICA ALOHA COUNCIL CHAMORRO DISTRICT'S OPPOSITION TO CERTAIN TORT CLAIM CREDITORS' MOTION FOR RELIEF FROM STAY** |

The Boy Scouts of America and Boy Scouts of America Aloha Council Chamorro District ("BSA Defendants") oppose the motion by the Lujan Group ("Lujan Plaintiffs") for relief from the automatic stay (ECF 288).

In moving to lift the stay, the Lujan Plaintiffs attempt to make a scapegoat of the BSA Defendants and their insurance carriers by insinuating that the BSA Defendants and their insurers have not engaged in the mediation process, and have in fact been an obstacle to mediation. They argue that because of this supposed lack of cooperation, the only avenue left for the Court is to lift the stay and let them proceed to trial. The Court needs to be aware that this argument bears virtually no resemblance to reality.

The BSA Defendants and its insurers – Chubb Insurance (which is the BSA carrier providing coverage for most of the years when there was insurance coverage), have attended and

actively participated in four mediation sessions since September 2018.  The chart below evidences the mediations that the BSA Defendants and its insurers have attended.

| Mediation Date | Location |
| --- | --- |
| 9/20/18 – 09/21/18 | Guam |
| 12/11/18 | San Francisco, California |
| 6/9/19 | Hawaii |
| 9/25/19 | San Francisco, California |

Notwithstanding the Lujan Plaintiffs' statements, the Lujan Plaintiffs fail to note these mediations or the fact that the only plaintiffs' group with whom the BSA Defendants have not settled any cases has been the Lujan Plaintiffs, and that has not been for lack of trying or for lack of having made fair offers of settlement to every single Lujan Plaintiff.

Nevertheless, the Lujan Plaintiffs blame the BSA Defendants and its insurers for not attending the mediation conducted by Judge Faris in October 30, 2019.  They neglect to disclose that, at that time, there were two mediation tracks ongoing – one with the Ninth Circuit mediators and the other the mediation arranged by Judge Faris in the AOA's bankruptcy case.  The Lujan Plaintiffs should not be permitted to leverage what is in fact their own obstinacy as good cause for lifting the automatic stay.

For the reasons advanced by the AOA, the motion for relief from stay should be denied.

Respectfully submitted this 31st day of January 2020.

                                          **CIVILLE & TANG, PLLC**

                                          By:  */s/ G. Patrick Civille*
                                                  **G. PATRICK CIVILLE**
                                                  *Attorneys for Boy Scouts of America, Boy Scouts of America Aloha Council Chamorro District*