SHAWN N. ANDERSON
United States Attorney
MIKEL W. SCHWAB
Chief, Civil Division
JESSICA F. WESSLING
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

*Attorneys for Creditor U.S. Small Business Administration*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

| | |
|---|---|
| In re:<br><br>ARCHBISHOP OF AGANA,<br>a Corporation Sole,<br><br>Debtor. | BANKRUPTCY CASE NO. 19-00010<br><br>**U.S. SMALL BUSINESS ADMINISTRATION'S RESPONSE TO BANK OF GUAM'S PROPOSED ORDER PURSUANT TO ORDER, ECF NO. 425** |

COMES NOW the U.S. Small Business Administration ("SBA"), by and through its undersigned counsel, and hereby provides its Response to Bank of Guam's proposed order, ECF No. 424 at 6-9, pursuant to the Court's Order, ECF No. 425.

The proposed order does not resolve the issues raised in SBA's objection and motion for a 7-day extension to brief the court on the issues. *See* ECF No. 422. One of the most significant issues with Bank of Guam's ("BOG") Motion to Process PPP financing is that BOG appears to be asking the Court to authorize financing to the listed churches and schools ("entities"). Section 364 of the Bankruptcy Code only authorizes the Court to bind the estate in entering into agreements to take on debt and obtain extensions of credit if the debtor requests the relief or consents to it. Here, it is the lender, and not the debtor, Archbishop of Agana, that is requesting court relief. The debtor has not filed its consent to BOG's motion, nor has it indicated that the

listed entities are a part of the debtor as one legal debtor entity. Section 364 does not provide the Court with authority over the lender, nor does it indicate any need for the Court to approve the loan agreements themselves.

Further, if these entities are a part of the debtor, PPP financing is not available to debtors in bankruptcy. If the entities are *not* part of the debtor, the Court does not have authority over them. These are issues that are not addressed by BOG's motion, and would benefit from a full briefing by the SBA – especially since the number of entities grew from eight entities, ECF No. 409 at 8, to 16 entities, ECF No. 424 at 4, increasing the amount of financing by over half a million dollars over the "maximum amount of financing" that the BOG's motion originally indicated. The very issue of whether the entities are part of the debtor has been raised by the Committee of Unsecured Creditors in a motion for partial summary judgment, ECF No. 9, which is scheduled to be heard on May 15, 2020. ECF No. 50. The Court would benefit from having this issue heard and decided, or at least properly briefed by the SBA, before issuing the proposed order as written.

The SBA is submitting, via email, a proposed order that does not have the Court overstep its jurisdiction, does not ask the court to decide whether any of the entities are part of the debtor, and does not impede the entities from applying for PPP financing. In the alternative, the SBA requests the 7-day extension to allow it to provide a full briefing to the Court and the parties.

RESPECTFULLY SUBMITTED this 8th day of May, 2020.

    SHAWN N. ANDERSON
    United States Attorney
    Districts of Guam and the NMI

By: */s/ Jessica F. Wessling*
    JESSICA F. WESSLING
    Assistant U.S. Attorney
    *Attorneys for Creditor*
    *U.S. Small Business Administration*